IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:17-CR-233** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **DAVID SERRANO-MUNOZ,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Defendant David Serrano-Munoz brings three objections to the presentence investigation report filed by the United States Probation Office on October 15, 2021. We will sustain in part and overrule in part Serrano-Munoz's objections.

### I.   Factual Background and Procedural History

Serrano-Munoz solicited five sexually explicit images from a 16-year-old female residing in York County, Pennsylvania, on February 4, 2017. (See Doc. 151 ¶ 7). The images included depictions of the minor female touching her genitals. (See Doc. 159; Doc. 151 ¶ 7). A federal grand jury indicted Serrano-Munoz on three child pornography-related charges and later returned a superseding indictment adding an additional count against Serrano-Munoz for failing to register as a sex offender. (See Docs. 1, 32).

Serrano-Munoz pled guilty to Count I of the superseding indictment pursuant to a plea agreement, admitting he produced child pornography in violation of 18 U.S.C. § 2251(a) and (e). (See Doc. 139; Doc. 151 ¶¶ 3-4). Serrano-Munoz's plea agreement preserves his right to contest application of any penalty

enhancements, including an elevated mandatory minimum under Section 2251(e). (See Doc. 136 ¶¶ 36-37).

The probation office filed a presentence investigation report ("PSR") in preparation for Serrano-Munoz's sentencing. (See Doc. 151). The PSR applies a 25-year mandatory minimum sentence to Serrano-Munoz pursuant to Section 2251(e) based on his prior conviction on April 26, 2000, for involuntary deviate sexual intercourse in Philadelphia County, Pennsylvania. (See id. ¶¶ 4, 10, 33, 72). The PSR also calculates Serrano-Munoz's total offense level to be 38 after applying three sentencing enhancements and one sentencing reduction. (See id. ¶¶ 16-25). Among the sentencing enhancements are a two-level enhancement under Section 2G2.1(b)(2)(A) of the United States Sentencing Guidelines because Serrano-Munoz's offense involved the commission of a sexual act or sexual contact; and a five-level enhancement under Section 4B1.5(b)(1) because Serrano-Munoz engaged in a pattern of activity involving prohibited sexual conduct. (See id. ¶¶ 17, 23). Accounting for Serrano-Munoz's criminal history and the overlay of the mandatory minimum sentence, the PSR calculates a Guidelines range of 300 to 365 months' imprisonment. (See id. ¶ 73).

**II.    Discussion**

Serrano-Munoz objects to the PSR on three fronts: he objects to application of the 25-year mandatory minimum sentence, the two-level enhancement under Guidelines Section § 2G2.1(b)(2)(A), and the five-level enhancement under Section 4B1.5(b)(1). The government concedes application of the five-level enhancement is

2

inappropriate. (See Doc. 158 at 2 n.1). We will address the mandatory minimum and Section 2G2.1(b)(2)(A) enhancement *seriatim*.

### A. Mandatory Minimum Sentence

Defendants convicted under 18 U.S.C. § 2251(a) are subject to penalties enumerated in Section 2251(e). Section 2251(e) sets a baseline mandatory minimum of 15 years' imprisonment and elevates the mandatory minimum when the defendant meets certain criteria. See 18 U.S.C. § 2251(e). If the defendant has one prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or . . . child pornography," the defendant is subject to a 25-year mandatory minimum sentence. See id. If the defendant has two or more qualifying prior convictions, the mandatory minimum sentence is 35 years' imprisonment. See id.

The PSR concludes Serrano-Munoz's 2000 conviction for involuntary deviate sexual intercourse ("IDSI") under Pennsylvania law is a prior conviction for "sexual abuse," thus implicating an enhanced mandatory minimum sentence under Section 2251(e). (See Doc. 151 ¶¶ 33, 72-73; Doc. 152 at 1). Serrano-Munoz contends that application of the Section 2251(e) enhancement is improper because the enhancement's trigger language is unconstitutionally vague. Alternatively, he argues that Pennsylvania law defines IDSI so broadly as to prevent IDSI from constituting a categorical match with "sexual abuse."

#### 1. *Void for Vagueness*

Section 2251 does not define the term "sexual abuse." See 18 U.S.C. § 2251. Nor did Congress incorporate by cross-reference a definition of "sexual abuse"

3

provided elsewhere in the United States Code.  See id. § 2251(e); see, e.g., 18 U.S.C. §§ 2241, 2242.  Serrano-Munoz suggests that, without a statutory definition, the term "sexual abuse" is so vague as to be unconstitutional.  (See Doc. 156 at 6).

A statutory provision violates the due process clause of the Fifth Amendment to the United States Constitution when it "tak[es] away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  Johnson v. United States, 576 U.S. 591, 595 (2015).  The void-for-vagueness doctrine applies not only to statutes defining the elements of crimes but also to statutes fixing punishments.  See United States v. Batchelder, 442 U.S. 114, 123 (1979); United States v. Green, 898 F.3d 315, 319 (3d Cir. 2018).

The language used in Section 2251(e) is not unique in the federal criminal code; Congress uses similar enhancement language in several criminal statutes. See 18 U.S.C. §§ 2252(b)(1), (b)(2), 2252A(b)(1), (b)(2).  Our court of appeals recently considered a similar void-for-vagueness challenge to an enhancement with almost identical trigger language.  See United States v. Portanova, 961 F.3d 252 (3d Cir. 2020), cert. denied, 141 S. Ct. 683 (2020).  Section 2252(b)(1) applies a 15-year mandatory minimum to defendants who have a prior state conviction "relating to" various enumerated offenses, including "sexual abuse" and possession of child pornography.  See 18 U.S.C. § 2252(b)(1).  In Portanova, the defendant singled out the phrase "relating to" as being unconstitutionally vague, denying him fair notice that his prior conviction for child pornography possession would trigger an increased mandatory minimum sentence.  See Portanova, 961 F.3d at 263.  The

court of appeals flatly rejected the defendant's void-for-vagueness argument, stating "there is no question that a person of ordinary intelligence would have fair warning that a conviction pursuant to 18 U.S.C. § 2252 could expose him to greater penalties" should he have a prior conviction for possession of child pornography. Id. at 263.  Similarly, when considering nearly identical enhancement language in Section 2252(b)(2),[1] the Supreme Court of the United States remarked the term "sexual abuse," whether given its generic meaning or defined in the light of its federal counterparts, is "unlikely to sweep in the bizarre or unexpected state offenses that worry [the defendant]."  Lockhart v. United States, 577 U.S. 347, 361 (2016).

Both Portanova and Lockhart analyze language essentially indistinguishable from Section 2251(e), and neither finds the language to be an affront to Fifth Amendment.  See Lockhart, 577 U.S. at 361; Portanova, 961 F.3d at 263.  The term "sexual abuse" is broad in scope, and Congress's use of "relating to" further broadens the range of qualifying offenses.  But an expansive reading is entirely consistent with Congress's intent to "ensur[e] that a wide range of state offenses" would trigger the sentencing enhancement.  Cf. Portanova, 961 F.3d at 259-60 (assessing congressional intent for enumerated offenses in companion statute, 18 U.S.C. § 2252).  Broad scope notwithstanding, a person of ordinary intelligence

---

[1] 18 U.S.C. 2252(b)(2) applies a 10-year mandatory minimum to defendants who have a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography."

5

would have fair warning that a prior conviction for a sexual crime would expose them to greater penalties under Section 2251(e). See Portanova, 961 F.3d at 263. And it is highly unlikely that Section 2251(e) will sweep in bizarre or unexpected state offenses. See Lockhart, 577 U.S. at 361. Hence, we conclude that Section 2251(e) is not void for vagueness.

### 2. *Categorical Approach*

Serrano-Munoz argues that even if "sexual abuse" is not unconstitutionally vague, the conduct encompassed within Pennsylvania's IDSI statute is too broad to fall entirely within the definition of "sexual abuse" under 18 U.S.C. 2251(e). (See Doc. 156 at 6-12). Courts apply the categorical approach to determine whether a prior conviction qualifies as a predicate offense under Section 2251(e). See Portanova, 961 F.3d at 255. "Sexual abuse" is an undefined, generic crime. See id. at 257. The categorical approach requires courts to compare the elements of the state crime in question and the elements of the generic crime as "commonly understood." See id. (quoting Mathis v. United States, 579 U.S. ___, 136 S. Ct. 2243, 2245 (2016)). Normally, a prior conviction triggers the sentencing enhancement only when the state elements "are the same as, or narrower than, those of the generic offense." See id. (quoting Mathis, 136 S. Ct. at 2248). However, in the case of Section 2251(e)'s broad "relating to" language, we are required to apply what the Third Circuit has termed the "looser categorical approach." See id. at 256. This approach does not require a precise match between [a] federal generic offense and state offense elements." Id. Our court of appeals instructs us to construe "relating to" expansively and to simply analyze whether the state and federal crimes possess

"a logical or causal connection," *i.e.*, "target the same *core* criminal *conduct* such that they are directly analogous." See id. at 258 (quoting Williams, 880 F.3d at 105).

We begin our analysis by identifying the generic meaning of the term "sexual abuse." Neither the Supreme Court nor our court of appeals has defined the exact elements of the generic crime "sexual abuse." See Lockhart, 577 U.S. at 361; see also Portanova, 961 F.3d at 257. In identifying a definition for "sexual abuse," we are not obligated to look to definitions of the term in other statutory provisions. See Portanova, 961 F.3d at 257, 257 n.25 (citing United States v. Galo, 239 F.3d 572, 581 (3d Cir. 2001)). Nonetheless, neighboring statutes are a helpful "starting place for determining the generic offense," see Portanova, 961 F.3d at 260, and we find the common understanding of "sexual abuse" to be roughly equivalent to the statutory definition given in 18 U.S.C. § 2242: knowingly causing another person to engage in a sexual act via threat or fear or knowingly engaging in sexual conduct with a person who is incapable of consenting to the sexual act.[2] See 18 U.S.C. § 2242.

Pennsylvania's IDSI statute proscribes several categories of conduct. See 18 PA. CONS. STAT. § 3123. The parties agree that Serrano-Munoz was convicted under Section 3123(a), and they stipulate that Section 3123(a) is indivisible. (See Doc. 156 at 8; Doc. 158 at 12 n.6). Consequently, we assume the "state conviction rested upon the . . . least of th[e] acts criminalized by the statute," and then "determine whether

---

[2] Serrano-Munoz contends that the common understanding of "abuse" inherently requires the victim be a minor. (See Doc. 156 at 12-13). The Supreme Court has foreclosed this reading. See Lockhart, 577 U.S. 347, 357 (holding that phrase "involving a minor or ward" does not modify "sexual abuse" or "aggravated abuse" in nearly identical enhancement trigger found in 18 U.S.C. § 2252(b)(2)).

7

that conduct would fall within the federal definition" of sexual abuse.  See Esquivel-Quintana v. Sessions, 581 U.S. ___, 137 S. Ct. 1562, 1568 (2017) (alterations in original) (internal quotation marks omitted).

At the time of Serrano-Munoz's conviction, Section 3123(a) read:

> [a] person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant:
> (1) by forcible compulsion;
> (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
> (3) who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring;
> (4) where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;
> (5) who suffers from a mental disability which renders him or her incapable of consent;
> (6) who is less than 13 years of age; or
> (7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

18 PA. CONS. STAT. § 3123(a) (2000).  Since Section 3123 does not include a *mens rea*, IDSI incorporates Pennsylvania's default *mens rea*—recklessly.  See id. § 302(c); Cabeda v. Att'y Gen. of United States, 971 F.3d 165, 175 (3d Cir. 2020).  Pennsylvania law defines "deviate sexual intercourse" as "sexual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal."  See 18 PA. CONS. STAT. § 3101.  The term is also defined to include "penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures."  See id.

Each of the seven lines of conduct covered by IDSI involve the core element of sexual abuse, to wit: engaging in a sexual act with a person who did not or could not consent to the act. See Commonwealth v. Shannon, 608 A.2d 1020, 1024 (Pa. 1992). Serrano-Munoz contends IDSI does not necessarily require a sexual act and, therefore, could encompass nonsexual conduct that would not fit within the generic definition of "sexual abuse." (See Doc. 156 at 9-10). This is a rather tenuous argument, particularly when the name of the offense includes the word sexual. The categorical approach is not an invitation to apply one's "legal imagination." See Moncrieffe v. Holder, 569 U.S. 184, 191 (2013). Even under the formal categorical approach, "there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." See id. (internal quotation marks omitted). Serrano-Munoz provides no case law—nor has our research revealed any—suggesting the Commonwealth of Pennsylvania prosecutes nonsexual crimes as IDSI. Moreover, even assuming there is a realistic possibility Pennsylvania would prosecute nonsexual conduct as IDSI, that difference alone is not enough to prevent IDSI from constituting a categorical match with "sexual abuse." See Williams, 880 F.3d at 107-08 (holding state criminal statute's inclusion of criminal conduct outside of generic definition of crime did not prevent finding of "logical connection" between two crimes).

The core conduct outlawed by Pennsylvania's IDSI statute is sexual abuse. Serrano-Munoz suggests IDSI is broader as compared to the generic federal offense in terms of *mens rea*, but the looser categorical approach does not require an exact match. See Portanova, 961 F.3d at 254, 256, 262. IDSI possess a logical connection

to sexual abuse; therefore, IDSI is a crime relating to sexual abuse.[3]  See id. at 258. Serrano-Munoz is subject to the 25-year mandatory minimum.

### B.     Two-Level Enhancement Under U.S.S.G § 2G2.1(b)(2)(A)

The PSR applies a two-level enhancement to Serrano-Munoz's offense level under U.S.S.G § 2G2.1(b)(2)(A).  (See Doc. 151 ¶ 17).  Section 2G2.1(b)(2)(A) subjects defendants to a two-level enhancement when their offense involves "the commission of sexual act or sexual contact."  See U.S.S.G § 2G2.1(b)(2)(A).  Serrano-Munoz objects to application of the enhancement, arguing his offense conduct did not involve a sexual act or sexual contact.  (See Doc. 156 at 13-15).  The commentary to Section § 2G2.1 describes "sexual contact" as possessing the meaning given the term in 18 U.S.C. § 2246(3).  See U.S.S.G § 2G2.1 cmt. 2.  Section 2246(3) defines "sexual contact," in relevant part, as "the intentional touching, either directly or through the clothing, of the genitalia . . . of any person with the intent to . . . arouse or gratify the sexual desire of any person."  See 18 U.S.C. § 2246(3); (see also Doc. 156 at 14; Doc. 158 at 19).

We admit the application of the Section § 2G2.1(b)(2)(A) enhancement is counterintuitive in this instance, but application is strongly supported by the applicable case law.  Our court of appeals interprets the phrase "any person" in

---

[3] We acknowledge that our court of appeals recently held that IDSI is not a categorical match with "sexual abuse of a minor" because of IDSI's lower *mens rea*. See Cabeda, 971 F.3d at 173.  However, Cabeda applied the formal categorical approach, not the looser categorical approach, because the statute at issue— 8 U.S.C. § 1101(a)(43)—did not include the expansive "relating to" language.  See Cabeda, 971 F.3d at 169.

Section 2246(3) to include "oneself." See United States v. Pawlowski, 682 F.3d 205, 213 (3d Cir. 2012). Consequently, engaging in sexual contact with oneself constitutes sexual contact for the purposes of triggering the Section § 2G2.1(b)(2)(A) enhancement. See Pawlowski, 682 F.3d at 213; see also United States v. Raiburn, 20 F.4th 416, 423 (8th Cir. 2021); United States v. Shafer, 573 F.3d 267, 278 (6th Cir. 2009); United States v. Aldrich, 566 F.3d 976, 979 (11th Cir. 2009); United States v. Dean, 591 F. App'x 11, 15 (2d Cir. 2014) (same). The facts in the case *sub judice* are distinguishable from Pawlowski where the defendant captured images of sexual contact with himself and forwarded to the victim, see Pawlowski, 682 F.3d at 208-09. In the instant case, the defendant solicited photographs of the victim engaging in sexual contact with herself which he induced her to send to him, (see Doc. 159). But this is a factual distinction without a difference. Both the Eighth and Fifth Circuits hold application of Section 2G2.1(b)(2)(A) enhancement is proper when the victim engages in sexual contact with themselves when the sexual contact is intentionally instigated by the defendant. See Raiburn, 20 F.4th at 424; Shafer, 573 F.3d at 277-78. Serrano-Munoz stipulates the images he sought involved the victim touching her genitals. (See Doc. 159). Serrano-Munoz admittedly directed the victim to pose in such a fashion, and he obviously solicited the images for the purpose of arousing and gratifying himself. (See Doc. 159; Doc. 151 ¶ 7); see also Shafer, 573 F.3d at 277-78 (holding intent to gratify or arouse can be inferred from the facts of the case). Therefore, the conduct and the intent required by the definition of "sexual contact" in Section 2246(3) are present in Serrano-Munoz's relevant conduct. Application of

11

the two-level enhancement under Section 2G2.1(b)(2)(A) is appropriate. The court will overrule Serrano-Munoz's objection.

### III. Conclusion

For these reasons, we will overrule Serrano-Munoz's objections to application of the 25-year mandatory minimum under 18 U.S.C. § 2251(e) and the two-level enhancement under U.S.S.G § 2G2.1(b)(2)(A). However, in light of the government's concession, we will sustain his objection to application of the five-level enhancement under U.S.S.G § 4B1.5(b)(1). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: January 12, 2022